**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BROOK CHURCH-KOEGEL, et al.<br><br>　　　　　Defendants. | Case No.: 2:20-cv-08480 FMO (JCx) |

### FINAL JUDGMENT AS TO DEFENDANT BROOK CHURCH-KOEGEL

Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") commenced this action by filing its Complaint against, among others, Defendant Brook Church-Koegel ("Defendant" or "Church-Koegel"). This Court previously entered Judgment, by consent, against Defendant which entered injunctive and other relief, but left unresolved the issues of disgorgement, prejudgment interest, and civil penalty (DE 182) ("Judgment"). The Court finds that good cause exists to award the Commission disgorgement, prejudgment interest, and a civil penalty in the amounts set forth in Paragraph II below. The Court enters Paragraphs I, III, IV, and V of this Final Judgment based on the Consent signed by Church-Koegel (DE 174-2) in which Church-Koegel, without admitting or denying the allegations of the complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph III), agreed to, among others, the matters set forth in these paragraphs.

### I.

### PERMANENT INJUNCTIVE RELIEF

#### A.

**Sections 5(a) and 5(c) of the Securities Act of 1933**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## B.

### Section 15(a)(1) of the Securities Exchange Act of 1934

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1)

of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker or dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED, ADJUDGED, AND DECREED** that Church-Koegel is liable for disgorgement of $761,027.77 representing net profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $246,065.72, and a civil penalty of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $1,157,093.49 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Church-Koegel as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

      Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

      The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

      The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest earned thereon (collectively, the "Fund") pending further order of the Court.

      The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

      Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent

effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.
## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent (DE 174-2) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: \_\_\_June 27\_\_\_, \_2024\_

_____/s/  Fernando M. Olguin_____
UNITED STATES DISTRICT JUDGE